**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

MICHAEL WEBB,

                        Plaintiff,

    - v -                                      Civ. No. 9:18-CV-610
                                                      (TJM/DJS)

C. MILLER, _et al._,

                        Defendants.
_____

**APPEARANCES:**                           **OF COUNSEL:**

MICHAEL WEBB
Plaintiff _Pro Se_
90-A-4906
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929

HON. LETITIA JAMES                  BRIAN W. MATULA, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

### I. INTRODUCTION

Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42 U.S.C. § 1983 alleging the violation of his constitutional rights. Dkt. No. 1, Compl.

- 1 -

The Complaint was initially reviewed by Senior District Judge Thomas J. McAvoy pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 7. Following that review, the only claims that remain in this action are an Eighth Amendment excessive force claim and First Amendment retaliation claim. *Id.* at p. 23. Presently before this Court is Defendants' Motion for Summary Judgment. Dkt. No. 34. For the reasons that follow, the Court recommends that the Motion be granted in part and denied in part.

## II. BACKGROUND

### A. Plaintiff's Failure to File a Response to Defendants' Motion

Plaintiff's original deadline for responding to this Motion was September 16, 2019. Dkt. No. 36. Plaintiff was expressly made aware of this deadline by the Court. *Id.* Plaintiff then sought and was granted three extensions of the deadline for responding to the Motion. Dkt. Nos. 39, 41, & 43. Plaintiff's requests for extensions were based on alleged vision problems which Plaintiff contended prohibited him from reviewing and preparing a response to the Motion. *See*, *e.g.*, Dkt. No. 38 at p. 2 ("without my bifocals I can't read, write or identify objects"). After granting Plaintiff nearly four months within which to respond to the Motion, the Court denied Plaintiff's fourth request for an extension. Dkt. Nos. 44 & 45. The Court notes that, despite Plaintiff's claimed inability to respond to the Motion for Summary Judgment, Plaintiff's four written requests seeking extensions, which are very legible, totaled over thirty pages. Under the circumstances, it appears clear that Plaintiff was able to effectively communicate with and present his case to the Court.

Pursuant to this District's Local Rules, "[t]he Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert." N.D.N.Y.L.R. 7.1(a)(3). As required by the Local Rules, Defendants' counsel advised Plaintiff of the consequences of failing to file a response to Defendants' Rule 7.1 Statement of Material Facts. Dkt. No. 34. Plaintiff has not filed a response to Defendants' Statement of Material Facts. Although a *pro se* litigant is entitled to a liberal construction of his filings, *see Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013), his *pro se* status does not relieve him of his obligation to comply with the relevant procedural rules, *see Marino v. Watts*, 2018 WL 3121612, at *1 (N.D.N.Y. Mar. 7, 2018), *report and recommendation adopted sub nom. Marino v. Schult*, 2018 WL 1578163 (N.D.N.Y. Mar. 30, 2018). The Court therefore will deem the facts as set forth in Defendants' Statement of Material Facts admitted, to the extent they are properly supported and not inconsistent with other record evidence offered by Defendants in support of their Motion.

### B. Factual Background

On June 9, 2015, Plaintiff was being processed at the draft processing area at Great Meadow Correctional Facility. Compl. at p. 2;[1] Dkt. No. 34-6, Trombley Decl., Ex. A. The parties offer vastly divergent versions of events from that day, a broad summary of which is presented here.

---

[1] References to the Complaint refer to the page number assigned by the Court's CM/ECF system.

Plaintiff alleges that he was the victim of an unprovoked assault by Defendants Bovair, Trombley, and Rich. *See generally* Compl. at pp. 2-4. He claims that while being asked questions by Defendant Bovair, he was slapped in the back of the head by Defendant Trombley. Dkt. No. 34-3, Pl.'s Dep. at p. 28. He then alleges that Bovair rushed him and ran him into a wall in the draft area. *Id.* at p. 30. Following this Plaintiff claims to have been the victim of an extended attack in which he was stomped on the leg by Defendants, beaten with a baton, struck on the side, ribs, and head, dragged along the ground, and sexually assaulted. *Id.* at pp. 37, 39-40, 44-48, 53-55, 63 & 71.

Defendants, on the other hand, contend that no such assault took place, but do admit that force was used against Plaintiff. According to the Declaration of Defendant Trombley, Plaintiff did not cooperate with his processing into Great Meadow and refused to answer questions from Sgt. Bovair. Trombley Decl. at ¶ 15. Trombley states that when Plaintiff was uncooperative he gave Plaintiff a direct order to comply, but that Plaintiff did not comply. *Id.* Trombley states that Plaintiff then turned toward him in an aggressive manner. *Id.* at ¶ 16. Trombley felt that he was in danger and then used force to bring Plaintiff to the floor of the processing room. *Id.* at ¶¶ 17-18. Defendant Rich then assisted Trombley in gaining control of Plaintiff. *Id.* at ¶¶ 19-21 & Ex. A; *see also* Dkt. No. 34-9, Rich Decl. at ¶¶ 14-18.

Plaintiff alleges that he filed a grievance regarding the alleged assault. Compl. at p. 6. At some point Plaintiff was transferred out of Great Meadow and housed at Southport Correctional Facility, but subsequently returned to Great Meadow in November 2016. *See* Pl.'s Dep. at pp. 110-111. Plaintiff alleges that upon his return

- 4 -

Defendants Trombley and Rich retaliated against him for filing the grievance by engaging in verbal harassment. Pl.'s Dep. at pp. 115-122. Defendants deny this allegation. Trombley Decl. at ¶ 31; Rich Decl. at ¶ 23.

### III. LEGAL STANDARD FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact.

*Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read his supporting papers liberally, and [ ] interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## IV. ANALYSIS

### A. Eighth Amendment Excessive Force Claim

Defendants do not dispute that a use of force occurred involving Plaintiff. *See* Trombley Decl. at Ex. A. Defendants seek summary judgment on Plaintiff's Eighth Amendment claims on three specific grounds: 1) a lack of causal connection between that use of force and certain injuries allegedly suffered by Plaintiff; 2) the alleged *de minimis*

nature of Plaintiff's injuries; and 3) Plaintiff's failure to establish that Defendants caused Plaintiff's injuries.  Defs.' Mem. of Law at pp. 2-8.

While Plaintiff will ultimately bear the burden of proof with regard to his excessive force claims, *Rasanen v. Doe*, 723 F.3d 325, 341 (2d Cir. 2013), "[s]ummary judgment is inappropriate when the admissible materials in the record make it arguable that the claim has merit." *Rogoz v. City of Hartford*, 796 F.3d 236, 246 (2d Cir. 2015).  Defendants have not demonstrated that summary judgment is appropriate on this record.

The Court notes first that under the proper legal standard for evaluating Eighth Amendment claims even if Plaintiff had sustained no injury or that no injuries were reflected in the medical records that alone is not necessarily a basis on which to grant summary judgment because courts do not require, in every instance, "that injuries caused by the alleged use of excessive force be corroborated by medical records." *Berman v. Durkin*, 2017 WL 1215814, at *10 (N.D.N.Y. Mar. 10, 2017), *report and recommendation adopted*, 2017 WL 1207834 (N.D.N.Y. Mar. 31, 2017) (citing *Ninortey v. Shova*, 2008 WL 4067107, at *12 (S.D.N.Y. Sept. 2, 2008) ); *see also McClemore v. Bosco*, 2018 WL 1193308, at *23 (N.D.N.Y. Feb. 2, 2018), *report and recommendation adopted*, 2018 WL 1183384 (N.D.N.Y. Mar. 6, 2018) (recognizing "the well-established principle that the absence of any serious injury from an alleged assault by prison personnel, while relevant, does not necessarily negate a finding that force has been applied wantonly and maliciously.").  As the Supreme Court has expressly noted "[i]njury and force [ ] are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an

excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010). Here Plaintiff alleges just such an attack and Defendants' arguments about Plaintiff's injuries are no basis for summary judgment.

### *1. Causal Connection Between Plaintiff's Injury and the Alleged Use of Force*

Two of Defendants' grounds for summary judgment concern the extent to which Plaintiff has failed to properly allege causation between the actions taken by Defendants and the injuries allegedly suffered by Plaintiff. Defendants first argue that there is no medical evidence to support Plaintiff's claim that he suffered rib or back injuries as a result of the June 2015 incident. This is based on a lack of objective medical evidence of a rib injury and the possibility that Plaintiff suffered from a pre-existing back injury. Defs.' Mem. of Law at pp. 2-4. As just noted, however, courts do not require that an inmate's medical records directly corroborate his claims. *Berman v. Durkin*, 2017 WL 1215814, at *10. Defendants raise legitimate points about potential causation issues, but given the factual record here which includes Plaintiff's specific testimony that he was assaulted in the ribs, side, and back, *see* Pl.'s Dep. at pp. 46-48 & 55, there is clearly evidence from which a jury could find causation. *See*, *e.g.*, *MCI Worldcom Networks Servs., Inc. v. Clearwater Drilling, Inc.*, 2002 WL 31444940, at *1 (S.D.N.Y. Nov. 1, 2002) ("The credibility of . . . statements and the nexus between . . . conduct and . . . injury are questions best left for a jury to decide.").

Defendants also argue that the particular actions alleged by Plaintiff could not have resulted in the injuries alleged. *Id.* at pp. 7-8. Plaintiff testified to a number of injuries

- 8 -

including injuries to his left rib cage and a herniated disc. Pl.'s Dep. at pp. 128-129. Plaintiff also testified to difficulty breathing, *id.* at p. 91, headaches, *id.* at p. 99, ankle pain, *id.* at p. 129, and back pain. *Id.* at p. 130. Here, too, however, Plaintiff's deposition testimony ties particular actions allegedly taken by Defendants with injuries allegedly suffered. He testified, for example, that Defendant Trombley stomped on his leg, *id.* at p. 37, Bovair beat his knee with a baton, *id.* at p. 39, and that Rich struck him multiple times in the ribs. *Id.* at p. 48. He also testified to being repeatedly struck in the back. *Id.* at p. 58. While Defendants highlight that Plaintiff was uncertain who struck the blows to his back, Defs.' Mem. of Law at p. 8, that alone does not preclude Plaintiff from establishing his excessive force claim. *Walker v. City of New York*, 2014 WL 12652345, at *11 (E.D.N.Y. Sept. 3, 2014) (citing cases where "courts declined to bar a plaintiff's recovery simply because the plaintiff was unable to identify the officers involved in the excessive force."). Given the vastly different versions of events presented by the record in this case, the Court recommends denial of summary judgment on this ground as it is a jury, not this Court, that is best suited to make the credibility determinations necessary to determine what happened in June 2015 and what, if any, injuries, Plaintiff suffered.

### *2. Alleged De Miminis Nature of Plaintiff's Injuries*

Defendants also contend that summary judgment is appropriate because Plaintiff suffered only *de miminis* injuries. Defendants rely on the fact that Plaintiff's medical records only document a knee abrasion and the other injuries claimed by Plaintiff were either not documented or based on Plaintiff's own deposition testimony resolved in short

order without medical treatment. Defs.' Mem. of Law at pp. 4-6. This is not a basis for summary judgment.

Again, as just noted, Plaintiff testified to a number of injuries including injuries to his left rib cage and a herniated disc, Pl.'s Dep. at pp. 128-129, difficulty breathing, *id.* at p. 91, headaches, *id.* at p. 99, ankle pain, *id.* at p. 129, and back pain. *Id.* at p. 130. As a result, there is evidence from which a jury could conclude that Plaintiff suffered more than a *de miminis* injury. Defendants' argument also overlooks Plaintiff's deposition testimony that he told medical staff of injuries other than those noted on his medical records, but that correctional staff directed medical personnel not to document them. Pl.'s Dep. at pp. 83-84. Indeed, the fact that Plaintiff may not have suffered severe injury is not dispositive of his claim in any event. *Wilkins v. Gaddy*, 559 U.S. at 38. Moreover, evaluating "the severity of plaintiffs' resulting injuries, is a matter for the jury and is not properly decided by a court on summary judgment." *McGrew v. Holt,* 2015 WL 736614, at *6 (N.D.N.Y. Feb. 20, 2015).[2]

Accordingly, the Court recommends that the Motion for Summary Judgment be denied as to Plaintiff's Eighth Amendment claim.

## B. First Amendment Retaliation Claim

To state a First Amendment claim for retaliation, an inmate must demonstrate (1) he or she was engaged in constitutionally protected speech or conduct, (2) the defendant took adverse action against the plaintiff, and (3) there was a causal connection between

---

[2] Defendants make a related argument that all claims for compensatory damages should be dismissed pursuant to 42 U.S.C. § 1997e(e). Defs.' Mem. of Law at pp. 8-9. For the reasons noted in the accompanying text, Plaintiff's deposition testimony is sufficient to raise factual questions about whether Plaintiff suffered a physical injury.

the protected activity and the adverse action in that the alleged conduct was substantially motivated by the protected activity. *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (citing *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001), *overruled on other grounds*, *Swierkewicz v. Sorema N.A.*, 534 U.S. 506 (2002)).

Here, Plaintiff alleges that he was retaliated against because he had filed grievances against Defendants. Compl. at p. 6. That is sufficient, at least for purposes of this Motion, to satisfy the first element of a retaliation claim. *Gomez v. Tedford*, 2016 WL 6081844, at *3 (N.D.N.Y. Sept. 20, 2016), *report and recommendation adopted*, 2016 WL 6072400 (N.D.N.Y. Oct. 17, 2016) ("filing grievances and lawsuits against prison officials is protected activity"). He cannot, however, satisfy the second element – the existence of adverse action. He claims that Defendants Trombley and Rich engaged in verbal harassment by making comments about Plaintiff's prior grievances. Pl.'s Dep. at pp. 115 & 125.[3] The law is well established, however, that "[v]erbal harassment [is] generally not considered adverse action for the purpose of a First Amendment retaliation claim." *McFadden v. Friedman*, 2015 WL 5603433, at *17 (N.D.N.Y. Sept. 23, 2015) (citing cases); *see also Hayes v. Dahkle*, 2018 WL 555513, at *1 (N.D.N.Y. Jan. 19, 2018) (same); *Alicea v. Maly*, 2015 WL 4326114, at *16 (N.D.N.Y. July 14, 2015) (same). As a result, Plaintiff cannot establish any retaliatory adverse action and his First Amendment claim fails to state a claim.

---

[3] The Court's initial review order also referenced denial of meals, Dkt. No. 7 at p. 15, but the record including Plaintiff's deposition makes clear that his only allegations regarding Defendants still parties to the action relate only to the verbal harassment discussed here.

- 11 -

Accordingly, the Court recommends that Defendants' Motion for Summary Judgment be granted to as Plaintiff's retaliation claim.

### C. John Doe Defendants

The Complaint, filed in May 2018, named two "John Doe" Defendants. Those individuals have never been identified. "Where discovery has closed and the Plaintiff has had ample time and opportunity to identify and serve John Doe Defendants, it is appropriate to dismiss those Defendants without prejudice." *Delrosario v. City of New York*, 2010 WL 882990, at *5 (S.D.N.Y. Mar. 4, 2010). Given that Plaintiff has not yet identified the "John Doe" Defendants, the Court recommends that they be dismissed. *See* FED. R. CIV. P. 4(m) (requiring dismissal, absent a showing of "good cause," of claims against a defendant who is not served within ninety days of the filing of the complaint).

### V. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 34) be **GRANTED as to Plaintiff's retaliation claim and DENIED as to Plaintiff's excessive force claims**; and it is further

**RECOMMENDED**, that the as of yet unidentified John Doe Defendants be **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: February 5, 2020
   Albany, New York

*signature*

Daniel J. Stewart
U.S. Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).