UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL WEBB,

        **Plaintiff,**

  v.                                            9:18-CV-610
                                                      (TJM/DJS)

C. MILLER, *et al.*,

        **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. Daniel J. Stewart, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). In his February 5, 2020 Report-Recommendation and Order (Dkt. No. 46) ("Rep. Rec."), Magistrate Judge Stewart recommends that Defendants' motion for summary judgment (Dkt. No. 34) be granted in part and denied in part. In this regard, Magistrate Judge Stewart recommends that the motion be granted as to Plaintiff's retaliation claim and denied as to Plaintiff's excessive force claims, and that the John Doe Defendants be dismissed from the action without prejudice. Rep. Rec., at 12. Plaintiff, who did not respond to the motion for summary judgment, objects to the recommendation that the John Doe Defendants be dismissed. *See* Dkt. No. 47. Defendants filed a letter brief in opposition to Plaintiff's objection. Dkt. No. 48.

1

## II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). When no objections are made to a portion of a report-recommendation, the Court subjects that portion of the report and recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (citations omitted). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

## III. DISCUSSION

### a. Portions of Rep. Rec. With No Objections

After examining the record, the Court has determined that those portions of the Report-Recommendation and Order to which no objections have been made are not subject to attack for clear error. Accordingly, the Court adopts Magistrate Judge Stewart's recommendations that Defendants' motion for summary judgment be granted as to Plaintiff's retaliation claim and denied as to Plaintiff's excessive force claims.

**b. Portion of Rep. Rec. With Objection**

Plaintiff objects to that much of the Report-Recommendation and Order that recommends dismissal of John Doe #1 and John Doe #2 from this action. In their motion for summary judgment, Defendants argued that the John Does should be dismissed from this action because Plaintiff failed to name and serve either of them. Def. Mot., at 10. Magistrate Judge Stewart agreed, writing:

> The Complaint, filed in May 2018, named two "John Doe" Defendants. Those individuals have never been identified. "Where discovery has closed and the Plaintiff has had ample time and opportunity to identify and serve John Doe Defendants, it is appropriate to dismiss those Defendants without prejudice." *Delrosario v. City of New York*, 2010 WL 882990, at *5 (S.D.N.Y. Mar. 4, 2010). Given that Plaintiff has not yet identified the "John Doe" Defendants, the Court recommends that they be dismissed. *See* Fed. R. Civ. P. 4(m) (requiring dismissal, absent a showing of "good cause," of claims against a defendant who is not served within ninety days of the filing of the complaint).

Rep. Rec. at 11.

Plaintiff argues now, however, that the New York State Attorney General's Office failed to comply with a direction from the Court contained in its July 16, 2018 Decision and Order. Dkt. No. 7. There, the Court wrote:

> Although plaintiff's excessive force and failure-to-protect claims against defendants John Doe #1 and John Doe #2 have survived *sua sponte* review, plaintiff is apparently unable to identify these Doe defendants by name. In light of the foregoing, the Clerk of the Court shall send a copy of the complaint and this Decision and Order to the New York State Attorney General's Office. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (*per curiam*), the Court requests that the New York State Attorney General's Office attempt to ascertain the full names of Doe defendants whom plaintiff seeks to sue herein. The Attorney General's Office is also requested, to the extent that it is able to identify either or both of the Doe defendants, to provide the addresses where the defendant(s) so identified can currently be served. The Attorney General's Office need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the Doe defendants as instructed by the Second Circuit in

> *Valentin*.
>
> The New York State Attorney General's Office is hereby requested to produce the information specified above, to the extent that it can, regarding the names of the Doe defendants -- currently identified as Corrections Officers at Great Meadow C.F. involved in a use of force incident against plaintiff on June 9, 2015 -- within thirty (30) days of the filing date of this Decision and Order. The information should be sent to the Clerk of the Court for the Northern District of New York along with a copy of this Decision and Order, as well as to plaintiff at his address of record. Once this information is provided, the Clerk shall return this file to the Court for further review.

Dkt. No. 7, at 21-22.

Defendants indicate that the documentation available to the Attorney General's Office at the time confirmed that there was a use of force against Plaintiff on June 9, 2015 but that the only two individuals involved in that use of force were Defendants Rich and Trombley. Dkt. 48, at 1. Defendants maintain "that this information should have been confirmed in writing to the Plaintiff and to the Court in accordance with the Court's Order," but apparently it was not. Nonetheless, Defendants assert that on January 3, 2019, Plaintiff was served with Defendants' Initial Disclosures which included the use of force paperwork with set out all the individuals who were involved in use of force involving Plaintiff. Defendants further assert that the Use of Force Report indicates that Defendants Rich and Trombley were the only individuals involved in use of force, that Plaintiff was provided with the use of Force Report, and Plaintiff was provided with memoranda from each of the named Defendants in a total of 454 pages of disclosure. *Id.*

While this information may have identified the individuals who actively used force, it does not appear to involve individuals who may have been present but did not use force yet failed to intervene to stop unconstitutional acts by others - as the Court interpreted Plaintiff's claim to include. This is significant because Plaintiff testified at his deposition that the two

4

John Doe Defendants were the correction officers who transported Plaintiff and nine other inmates from Comstock Correctional Facility to Great Meadow Correctional Facility on June 9, 2015, and both were present in the room when Plaintiff was allegedly assaulted. Pl. Dep., at 50-51. Plaintiff's inability to specifically identify either John Doe Defendant as striking him does not remove these individuals from potential liability for failure to intervene.

The record does not reflect that Plaintiff had the independent ability to identify John Doe #1. This fact, combined with the Attorney General's Office's apparent failure to attempt to identify John Doe #1 after Plaintiff's deposition, constitute good cause requiring an extension of the time to serve John Doe #1. *See Gray v. Harder*, No. 9:14-CV-1505 (TJM/DEP), 2016 WL 4708233, at *4 (N.D.N.Y. Aug. 9, 2016)("Upon a showing of good cause, the time for service must be extended.")(citing *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996)), *report and recommendation adopted*, 2016 WL 4703739 (N.D.N.Y. Sept. 8, 2016).

The record reflects, however, that Plaintiff had the ability to identify John Doe #2. At his deposition, Plaintiff identified John Doe #2 as one of the officers who transported him to the infirmary following the alleged assault. Defendants indicate that on January 3, 2019, Plaintiff was served with a memorandum of Sgt. Bovair concerning the June 9, 2015 use of force wherein Sgt. Bovair identified the personnel who were involved in the use of force, as well as in the escort of the Plaintiff to the infirmary. Sgt. Bovair stated in his memorandum: "Inmate Webb was escorted to the facility clinic by officer D. McClenning along with video camera operator K. Meehan supervised by Sgt. D. McGuire." Dkt. No. 48-1. This narrowed John Doe #2 to one of three individuals. Further, Plaintiff testified at his deposition that he saw John Doe #2 working at the prison law library and that he was "trying

5

to remember his name because I'm trying to picture it on the law library wall." Pl. Dep., at 73. Thus, by July 11, 2019, Plaintiff had the ability to identify John Doe #2 and apply to the Court for service upon him. Although his failure to do so does not constitute good cause to extend the time for service under Fed. R. Civ. P. 4(m), *see Mahon v. Namani*, No. 15-CV-2032 (CM), 2016 WL 6820739, at * 2 (S.D.N.Y. Nov. 10, 2016)("[A] party seeking a good cause extension bears a heavy burden of proof. Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.")(internal quotation marks and citations omitted), a district court may exercise discretion to grant an extension of time to effect adequate service even in the absence of good cause. *Zapata v. City of N.Y.*, 502 F.3d 192, 196 (2d Cir. 2007). In exercising this discretion, the Court "weigh[s] the 'overlapping equitable considerations' involved in determining whether good cause exists and whether an extension may be granted in the absence of good cause." *Gray,* 2016 WL 4708233, at *4 (quoting *Zapata*, 502 F.3d at 197); *see also Corley v. Vance*, 365 F. Supp. 3d 407, 431–32 (S.D.N.Y. 2019)("In determining whether to grant a discretionary extension, courts look to [i] whether any applicable statutes of limitations would bar the action once refiled; [ii] whether the defendant had actual notice of the claims asserted in the complaint; [iii] whether defendant attempted to conceal the defect in service; and [iv] whether defendant would be prejudiced by extending plaintiff's time for service.")(internal quotation marks and citation omitted). Here, if the claim against John Doe #2 is dismissed even without prejudice, Plaintiff's claims against this individual will be barred by the applicable 3-year statute of limitations. This fact must be weighed against the fact that although the Attorney

6

General's Office could not initially identify the John Doe Defendants, facts now exist that make identification of John Doe #2 possible.[1]

Even though almost 2 years have elapsed since Plaintiff commenced this action and discovery has now closed, the Court will exercise its discretion and direct the Attorney General's Office to attempt to identify John Doe #1 and John Doe #2 and proceed in accordance with the Court's July 16, 2018 Decision and Order. *See, e.g., Carney v. Davis*, No. 90 Civ. 2591, 1991 WL 150537, at *3 (S.D.N.Y. June 26, 1991) (declining to dismiss *pro se* prisoner's action despite three and one-half year delay in service). If identified, the Marshal's Service should be directed to excuse service upon these individuals. If service is accomplished on one or both of the John Doe Defendants, Magistrate Judge Stewart should reopen pretrial proceedings for a period of time that he deems appropriate in the exercise of his discretion.

I**V.** **CONCLUSION**

For the reasons discussed above, the Court **ADOPTS** the recommendations in the Report-Recommendation and Order, Dkt. No. 46, that Defendants' motion for summary judgment be granted as to Plaintiff's retaliation claim and denied as to Plaintiff's excessive force claims. Because the issues raised relative to Plaintiff's objection were not presented to Magistrate Judge Stewart, and because the Court finds that another attempt must be made by the Attorney General's Office to identify John Doe #1 and John Doe #2, the Court **MODIFIES** the recommendation relative to these potential defendants. Thus, it is hereby

---

[1] This includes Plaintiff's testimony that the two John Doe Defendants were the correction officers who transported Plaintiff and other inmates from Comstock Correctional Facility to Great Meadow Correctional Facility, that John Doe #2 accompanied Plaintiff to the infirmary after the alleged assault, and that John Doe #2 worked at the prison law library in July 2019.

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 34) is **GRANTED in part** and **DENIED in part**. The motion is **granted** as to Plaintiff's retaliation claim, and this claim is **dismissed**. The motion is **denied** as to Plaintiff's excessive force claim and as to John Doe #1 and John Doe #2 remaining as defendants. The Attorney General's Office is directed to comply with the Court's July 16, 2018 Decision and Order to attempt to identify John Doe #1 and John Doe #2. If either of these individuals is identified, the Attorney General's Office is to proceed in accordance with the Court's July 16, 2018 Decision and Order. If identified, the Marshal's Service should be directed to execute service upon these individuals. If service is accomplished on one or both of the John Does, Magistrate Judge Stewart should reopen pretrial proceedings for a period of time that he deems appropriate in the exercise of his discretion.

**IT IS SO ORDERED.**

Dated: March 12, 2020

_____
Thomas J. McAvoy
Senior, U.S. District Judge