UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL WEBB,

                            Plaintiff,

       - v -                                        Civ. No. 9:18-CV-610
                                                          (TJM/DJS)
C. MILLER, *et al.*,

                            Defendants.
_____

**APPEARANCES:**                           **OF COUNSEL:**

MICHAEL WEBB
Plaintiff *Pro Se*
90-A-4906
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929

HON. LETITIA JAMES                BRIAN W. MATULA, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

### I. BACKGROUND

    This action was filed May 23, 2018. Dkt. No. 1, Compl. The specific allegations at issue concern an alleged incident of excessive force on June 9, 2015. Dkt. No. 54, Am. Compl. at ¶ 4. The original Complaint identified several John Doe Defendants. Compl.

The issues presented by the pending Motions, Plaintiff's Motion to Amend the Complaint and Defendant McClenning's Motion for Summary Judgment, relate to Plaintiff's efforts to identify those John Doe Defendants. Dkt. Nos. 75 & 76. Defendants oppose the Motion to Amend. Dkt. No. 84.[1] Plaintiff has not fully responded to the Motion for Summary Judgment despite multiple extensions. *See* Dkt. Nos. 80 & 86. Plaintiff, however, has responded to that portion of the Motion for Summary Judgment regarding the statute of limitations. *See* Dkt. No. 87.

For the reasons that follow, the Court denies Plaintiff's request for a further amendment of the pleadings. It also recommends that Defendant McClenning's Motion for Summary Judgment be granted.

## II. LEGAL STANDARDS

### 1. Motions to Amend the Complaint

Federal Rule of Civil Procedure 15(a) states, in pertinent part, that leave to amend a pleading should be "freely given when justice so requires." *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006); *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003). Indeed, leave to amend should be denied only in the face of undue delay, bad faith, undue prejudice to the non-movant, futility of amendment, or where the movant has repeatedly failed to cure deficiencies in previous amendments. *Foman v. Davis*, 371 U.S. 178, 182

---

[1] While Defendants' opposition appears to relate to claims against both McClenning and Lafrance, the Court notes that Plaintiff was previously granted leave to add McClenning as a Defendant, Dkt. No. 55, McClenning has answered the Amended Complaint, Dkt. No. 65, and, as noted, has a Motion for Summary Judgment pending, Dkt. No. 76, and so the Court addresses this Motion only as it relates to adding claims against Corrections Officer Lafrance.

(1962); *Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002) (citing *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 271-72 (2d Cir. 1996)).

A proposed amendment is futile if the proposed claim could not withstand a FED. R. CIV. P. 12(b)(6) motion to dismiss. *See Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). "The party opposing the motion to amend bears the burden of establishing that an amendment would be prejudicial or futile." *Speedfit LLC v. Woodway USA, Inc.*, 2015 WL 6143697, at *3 (E.D.N.Y. Oct. 19, 2015) (citation omitted).

### 2. Motions for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory

allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read his supporting papers liberally, and [ ] interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

Defendants oppose leave to amend on the ground that leave to amend is futile because the claims are untimely. Defs.' Mem. of Law at pp. 1-4. They also oppose leave on the ground of undue prejudice. *Id.* at pp. 4-7. The Motion for Summary Judgment is based, in part, on the expiration of the statute of limitations as well. Dkt. No. 83.

"A proposed amended pleading seeking to assert a claim which is barred by the statute of limitations is futile." *Davis v. Smith*, 2007 WL 3104754, at *1 (N.D.N.Y. Oct. 22, 2007). Summary judgment is also appropriate for untimely claims. *Overall v. Klotz*, 846 F. Supp. 297, 299 (S.D.N.Y. 1994). Plaintiff's section 1983 claim is governed by a three year statute of limitations. *Gutek v. Borchardt*, 2020 WL 2336187, at *3 (N.D.N.Y. May 11, 2020). That claim accrued on June 9, 2015 when Plaintiff alleges he was assaulted by staff. *Id.* (excessive force claim accrues on date of incident); Am. Compl. at ¶ 4 (noting date of alleged assault). This action was originally filed on May 23, 2018. Dkt. No. 1. When filed, there were only approximately seventeen days before the expiration of the statute of limitations. While the Complaint named John Doe Defendants, McClenning was first identified as a Defendant on April 27, 2020, Am. Compl., and Lafrance was first named as a Defendant in this action on December 28, 2020. *See* Dkt. No. 75.

"In general, a plaintiff may proceed against a 'John Doe' placeholder defendant, so long as he replaces the John Doe with a named party within the applicable statute of limitations period." *Watson v. City of Kingston*, 2016 WL 11605147, at *4 (N.D.N.Y. Dec. 27, 2016) (citing *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 468 (2d Cir.

1995), *modified*, 74 F.3d 1366 (2d Cir. 1996)).  Plaintiff did not do so here with respect to either McClenning or Lafrance.

Rule 15(c)(1)(C) provides the federal standard for relation back.  For an amended complaint adding a new party to relate back under Rule 15(c)(1)(C), the following conditions must be met:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and … [4] the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

*Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d at 468-69).

Under this standard, the claims against McClenning and Lafrance do not relate back to the filing of the original Complaint and are untimely.  Prior to April 2020, Plaintiff repeatedly stated that he did not know the identities of these individuals.  *See*, *e.g.*, Dkt. No. 47 at p. 4.  The Second Circuit has made clear "that an amendment to replace a John Doe defendant is made 'not to correct a mistake but to correct a lack of knowledge' and is therefore not a mistake under Rule 15(c)(1)(C)."  *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Barrow v. Wethersfield Police Dep't*, 66 F.3d at 470); *see also Hogan v. Fischer*, 738 F.3d at 517 (relation back under FED. R. CIV. P. 15(c) is not appropriate "where the newly added defendants were not named originally because the plaintiff did not know their identities.").

Additionally, "Rule 15(c)(1)(A) permits an amended pleading to relate back when the law that provides the applicable statute of limitations allows relation back." *Hogan v. Fischer*, 738 F.3d at 518.  In this context the Court must also look to New York CPLR section 1024. *Gutek v. Borchardt*, 2020 WL 2336187, at *5 (N.D.N.Y. May 11, 2020). That section provides:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designative so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

"To satisfy [section] 1024, a party must: (1) exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name; and (2) describe the John Doe party in such form as will fairly apprise the party that [he] is the intended defendant."  *Gutek v. Borchardt*, 2020 WL 2336187, at *5 (internal quotations and citations omitted).  Even viewing the facts in light of Plaintiff's *pro se* status, he cannot satisfy these requirements.  Plaintiff suggests he exercised due diligence to identify the names of these Defendants by seeking discovery, but that Defendants failed to respond to his requests.  Dkt. No. 87 at pp. 5-7.

One aspect of the due diligence requirement is that the Plaintiff exercise that diligence "*prior to* the running of the statute of limitations." *Kavanaugh v. Vill. of Green Island*, 2016 WL 7495813, at *4 (N.D.N.Y. Dec. 30, 2016) (quoting *Hogan v. Fischer*, 738 F.3d at 519) (emphasis added).  Because this incident allegedly occurred in June 2015, the statute of limitations expired in June 2018.  The two discovery demands

Plaintiff relies on to establish due diligence were served in July and November 2018. Dkt. No. 87 at ¶¶ 16-17. They were thus served *after* the limitations period had expired and do not satisfy section 1024's first requirement. *Hyatt v. LaValley*, 2018 WL 4473389, at *7 (N.D.N.Y. Aug. 2, 2018), *report and recommendation adopted*, 2018 WL 4471626 (N.D.N.Y. Sept. 18, 2018) (claim untimely when attempts to identify defendants did not take place "before the statute of limitations expired"); *Kavanaugh v. Vill. of Green Island*, 2016 WL 7495813, at *4.² Plaintiff articulates no other ground for filing that he exercised due diligence.

For these reasons, the Court concludes that Plaintiff's claims against Defendants McClenning and Lafrance do not relate back to the filing of the initial Complaint in May 2018. As a result, leave to amend to add Lafrance is denied as untimely and, therefore, futile.³ Based on this conclusion, the Court also recommends that this failure to timely identify McClenning is an appropriate basis for summary judgment and that his Motion be granted on that ground.⁴

---

² In addition to the demands not having been made prior to the expiration of the limitations period, the Court notes that Plaintiff does not appear to ever have sought to compel responses from Defendants which also weighs heavily against a finding that Plaintiff exercised due diligence. In addition, the failure of defense counsel to timely comply with the Court's initial order to provide information regarding this individual's identity does not change this analysis. Plaintiff does not allege that he ever sought a response from the defense or took any action to obtain the information, and this all occurred after the statute of limitation had run in any event.

³ The Court would also deny leave to amend on the basis of undue prejudice. Belatedly adding Lafrance at this time would further delay a case that is otherwise trial ready. Time would have to be allotted for Lafrance to respond to the allegations and for the parties to conduct discovery. Further delay, especially on these facts not only delays Plaintiff's day in court, but potentially prejudices the other Defendants who have an interest in a speedy resolution of the claims against them. Here, the Court in the exercise of its discretion finds it appropriate to deny leave to amend when discovery has otherwise closed and adding new a defendant would require new discovery. *Funches v. Russo*, 2019 WL 5191497, at *2 (N.D.N.Y. Oct. 15, 2019); *CA, Inc. v. AppDynamics, Inc.*, 2014 WL 2805115, at *4 (E.D.N.Y. June 20, 2014).

⁴ McClenning also seeks summary judgment based on the failure of Plaintiff to establish his personal involvement. Dkt. No. 76-2. While the Court recognizes that this aspect of Defendant's Motion highlights many inconsistencies

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion to Amend (Dkt. No. 75) is **DENIED**; and it is

**RECOMMENDED**, that Defendant McClenning's Motion for Summary Judgment (Dkt. No. 76) be **GRANTED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: June 4, 2021
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

in Plaintiff's testimony, Defendant has not established, when viewed in the light most favorable to Plaintiff, that there is no question of fact as to McClenning's alleged involvement.  Accordingly, the Court recommends that summary judgment on this ground is not appropriate.